UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ISHRAT ABDULLAH & ALHAM USMAN, :

    Plaintiffs,    :

  -against-     :

TRAVELERS INSURANCE COMPANY, :

    Defendant.   :
------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/28/14
```

13cv07825 (LAK) (DF)

**REPORT AND
RECOMMENDATION**

**TO THE HONORABLE LEWIS A. KAPLAN, U.S.D.J:**

  In this insurance action, removed from state court on diversity grounds, plaintiffs

Ishrat Abdullah and Alham Usman ("Plaintiffs") now move for remand pursuant to 28 U.S.C.

§ 1447, as well as sanctions against defendant (named herein as "Travelers Insurance Company")

under Rule 11 of the Federal Rules of Civil Procedure, for what they contend was a frivolous

removal. According to Plaintiffs, both they and the named defendant should be considered

citizens of New York, for purposes of a diversity analysis, and thus removal was improper.

Defendant, for its part, identifies itself as the Automobile Insurance Company of Hartford,

Connecticut ("AICHC"), a Connecticut corporation, and states that it was improperly named in

the action. According to AICHC, *it* was the actual insurer on the policy at issue, and the

company purportedly named in the caption is not even an existing entity. For the reasons set

forth below, this Court finds AICHC's arguments to be persuasive, and recommends that

Plaintiffs' motions (Dkts. 35, 37) be denied in their entirety.

## BACKGROUND

### A.    Procedural History

Plaintiffs commenced this action in the Supreme Court of the State of New York, Bronx

County, on or after August 23, 2013, under Index number 305431/2013. (*See* Summons and

Complaint ("Compl.") (included in Exhibit B to the Amended Notice of Removal, dated Nov.18,

2013 (Dkt. 5, at 7-21[1]) ("Am. Not. of Removal").)  Plaintiffs named "Travelers Insurance

Company" as the sole defendant in the action, and sought $100,000 in damages for the alleged

breach of the insurance agreement.[2]  (*See* Compl., at 3 (Dkt. 5, at 15).)

On or about October 4, 2013, Plaintiffs served the Summons and Complaint on the New

York State Department of Financial Services, which forwarded them to MetLife Insurance

Company of Connecticut, formerly known as The Travelers Insurance Company ("MetLife

ICC").[3]  (*See* Wolf Decl., at ¶ 3 and Ex. B (Dkt. 40, at 17); *see also* Notice of Acknowledgement

of Service, dated Oct. 4, 2013 (Dkt. 5, at 12).)

---

[1] As the Amended Notice of Removal and its exhibits consist of a single document
(Dkt. 5) in this Court's Electronic Case Filing ("ECF") system, and as Exhibit B thereto is
comprised of several documents without internal pagination, citations herein to that exhibit
are to the page numbers provided on the ECF filing.

[2] As the matter in controversy thus exceeds $75,000, there is no issue here regarding the
"jurisdictional amount" requirement of 28 U.S.C. § 1332(a).

[3] No one in this case is taking the position that MetLife ICC, as the successor in interest
to an entity previously called "The Travelers Insurance Company," is the real party in interest to
the case.  Indeed, it is unrefuted that MetLife, Inc., acquired that company and changed its name
to MetLife ICC prior to the date when the policy in question was issued.  (*See* Declaration of
Robert M. Wolf, Esq., in Opposition to Plaintiffs' Motion To Remand and for Rule 11 Sanctions,
dated June 5, 2014 (Dkt. 40) ("Wolf Decl"), at ¶ 3 and Ex. B (Dkt. 40, at 17); *see also*
https://www.metlife.com/about/corporate-profile/ratings/index.html (last visited Oct. 27, 2014)
(listing subsidiaries for MetLife, Inc.).)

On October 14, 2013, MetLife, Inc. forwarded the Summons and Complaint to

The Travelers Companies, Inc. ("TCI").[4]  (*See* Facsimile to Travelers from Diane Cifu, MetLife

Senior Legal Assistant, dated Oct. 14, 2013 (Dkt. 5, at 9).)  MetLife ICC has had no further

involvement in this action.

On November 4, 2013, AICHC appeared in this action by filing a Notice of Removal

(Dkt. 1), which, pursuant to Order of the Court (*see* Order dated Nov. 13, 2013 (Crotty, J.)

(Dkt. 4)), AICHC then amended and refiled (*see* Am. Not. of Removal).  In its amended notice,

AICHC stated that it was "incorrectly sued as Travelers Insurance Company," that TCI is its

"ultimate corporate parent," and that this Court has original jurisdiction over this action pursuant

to 28 U.S.C. § 1332 (diversity of citizenship), making removal proper under 28 U.S.C. § 1441.

(*See generally* Am. Not. of Removal.)  AICHC also filed an Answer to the Complaint on

November 12, 2013, in which, *inter alia*, it admitted to having issued the insurance policy that is

the subject of this action (Policy No. 982431139 632 1 (the "Policy")) to Plaintiffs, and again

asserted that it had been incorrectly sued herein as "Travelers Insurance Company."  (*See*

Answer, Separate Defenses, and Demand for Trial by Jury of Defendant the Automobile

Insurance Company of Hartford, Connecticut) ("Answer") (Dkt. 3), at 1.)

On July 3, 2014, Plaintiffs filed a motion to remand this action to state court pursuant to

28 U.S.C. § 1447 (Dkt. 35), together with a Rule 11 sanctions motion (Dkt. 37), both of which

---

[4] Although the documentation placed before the Court is somewhat unclear, it also appears that, on or about October 17, 2014, TCI itself provided a copy of the Summons and Complaint to Corporation Service Company ("CSC") to record a "Notice of Service."  (*See* Notice of Service of Process, "processed" Oct. 17, 2013 (Dkt. 5, at 8); *see also* Wolf Decl., Ex. B (Dkt. 20-1, at 15) (internal email request by TCI paralegal to send the papers "to CSC for upload"); Am. Not. of Removal, at ¶ 5 (stating that this Notice indicates that "the Summons and Complaint were served on CSC as agent for service of process on [TCI] on October 17, 2013").)

are currently before this Court.[5]  AICHC filed an opposition to Plaintiffs' motions on July 7, 2014 (*see* Dkts. 39-41), and, on August 4, 2014, Plaintiffs filed a reply (*see* Dkt. 45).  In their submissions, the parties raise a number of arguments, as addressed below.

## B.  The Insurance Policy at Issue

Plaintiffs' homeowners insurance policy is printed on stationery bearing the Travelers logo, and refers to "Travelers" throughout, including in phrases such as "[t]hank you for insuring with Travelers," and "[a] Simplified Look at Your Homeowners Insurance Policy from Travelers."  (Copy of Policy[6] (Affidavit of Ann. B. Mulcahy, Executive Counsel of TCI Corporate Legal Services, sworn to June 5, 2014 (Dkt. 41) ("Mulcahy Aff."), Ex. A), at 3, 23.)  Further, the final page of the Policy bears the signatures of Bruce Backberg, TCI's Senior Vice President and Corporate Secretary, and Joseph Lacher, TCI's former Chief Executive of Corporate Lines.  (*Id.* at 55.)  A sentence preceding these signatures, however, reads that "[t]his policy is signed for the company which is the insurer under this policy" (*id.*), and the section of the Policy declarations labeled "Your Insurer" explicitly states that Plaintiffs' insurer is AICHC (*id.* at 2).  In addition, the Policy's "Definitions" section states that any references in the Policy to the words "we," "us" and "our" "refer to the Company providing the insurance."  (*Id.* at 31.)

---

[5] In support of its motions, Plaintiffs did not file a memorandum of law, as required by Local Civil Rule 7.1(a)(2), but rather made legal arguments in two attorney declarations (*see* Declaration of Barry R. Feerst, Esq., in Support of Motion Seeking Remand, dated May 8, 2014 (Dkt. 36) ("Feerst Decl."); Declaration of Barry R. Feerst, Esq., in Support of Plaintiff's Motion for Rule 11 Sanctions, dated May 8, 2014 (Dkt. 38).)  Although this was improper, this Court will nonetheless consider Plaintiffs' arguments.

[6] Both Plaintiffs and AICHC have included copies of the Policy with their motion papers which are, for the purposes of this motion, substantially the same.  This Court cites to the copy provided by AICHC for ease of reference, as it bears internal pagination throughout.

### C.    The "Travelers" Entities

#### 1.    TCI

According to an affidavit submitted to the Court by Ann B. Mulcahy ("Mulcahy"),

Executive Counsel of TCI Corporate Legal Services, sworn to June 5, 2014, and TCI's public

filings with the Securities and Exchange Commission ("SEC"), TCI is an umbrella corporation

that acts as a "holding company," with more than 80 separately incorporated subsidiaries,

including AICHC. (*See* Mulcahy Aff., at ¶¶ 9, 13; *see also* Exhibit 21.1 to TCI's 2013 Form

10K filed with the SEC (Mulcahy Aff., Ex. C) ("TCI Form 10K").)

TCI is incorporated in Minnesota and has its principal place of business at 485 Lexington

Avenue, New York, New York. (Mulcahy Aff., at ¶ 9; New York State Division of Corporations

records for TCI (Feerst Decl., Ex. 2.).) Apart from forwarding the initial Summons and

Complaint to AICHC and furnishing the Mulcahy Affidavit, TCI has not participated in this

action. According to Mulcahy, TCI "had no involvement in the issuance of the Policy or in the

review and ultimate denial of Plaintiffs' insurance claim." (Mulcahy Aff., at ¶ 13.)

#### 2.    AICHC

As set out above, AICHC is the entity that removed this action to this Court, answered

the Complaint, and admits to having issued the Policy. (Answer at ¶ 3.) AICHC is a subsidiary

of TCI, several times removed – effectively, TCI is AICHC's great-great-grandparent. (*See* TCI

SEC Filing; *see also* Defendant's Rule 7.1 Disclosure Statement (Dkt. 2), at ¶ 1 ("[AICHC] is

100% owned by The Standard Fire Insurance Company, which is 100% owned by Travelers

Insurance Group, Holdings, Inc., which is 100% owned by Travelers Property Casualty Corp.,

which is 100% owned by [TCI], a publicly held company.").) In her affidavit, Mulcahy

has explained that "AICHC, along with each of the multiple other separate and distinct

underwriting entities within TCI's corporate family, is independently authorized and approved in various states to write certain types of insurance." (Mulcahy Aff., at ¶ 12.)

AICHC alleges that it was incorporated in Connecticut and has its principal place of business there (Am. Not. of Removal, at ¶ 8), and Plaintiffs do not challenge these allegations. Further, Mulcahy has attached to her affidavit a June 4, 2014 printout from the website of the Commercial Recording Division of the Connecticut Secretary of State, listing AICHC as an active Connecticut corporation. (Mulcahy Aff., at ¶ 2 and Ex. B.)

### 3.   "Travelers Insurance Company"

As noted above, Plaintiffs initiated this action against "Travelers Insurance Company," which AICHC contends does not exist within TCI's corporate family. (*See* Mulcahy Aff., at ¶ 9 (stating that "'Travelers Insurance Company', the defendant named in the captioned matter, does not currently exist as a subsidiary of TCI and did not exist as a subsidiary of TCI at the time that AICHC removed the referenced case to this Court").) Mulcahy has also attested in her affidavit that:

> AICHC is a member of TCI's corporate family. As such, it uses a Travelers design mark which, here, consists of the word 'Travelers' to the left of the umbrella logo, in correspondence, policies, and other documents. The Travelers design mark is just that, a design mark. It is not a corporate or legal entity and it did not issue the Policy . . . .

(*Id.*, at ¶ 11.)

In their moving papers, Plaintiffs generally refer to "Travelers," in describing the entity that they claim to have named as defendant. In most instances, though, Plaintiffs appear to have conflated "Travelers Insurance Company," the putative named defendant, with TCI, as Plaintiffs repeatedly refer to information regarding *TCI* as evidence of "Travelers'" supposed New York citizenship. (*See* Feerst Decl., Ex. 2 (information from New York State Division of Corporations

website regarding TCI); Feerst Decl., at ¶ 21 (providing the address of TCI's principal executive office); *id.*, at ¶ 23 (citing federal cases involving TCI).)

In their reply, Plaintiffs take a different tack, insisting that an entity called "Travelers Insurance Company" does exist.  In support, Plaintiffs point to two instances in which carrier representatives – Kevin Whitener ("Whitener"), the claims handler who denied Plaintiffs' insurance claim, and Alexi Plocharczyk ("Plocharczyk"), an attorney representing the carrier in mediation over the denial of the claim – purportedly identified themselves as being employed by "Travelers Insurance Co." or "Travelers Insurance."  (Declaration of Barry R. Feerst, Esq., in Further Support of Motions To Remand & R. 11 Sanctions, dated Aug. 4, 2014 (Feerst Reply Decl.), at ¶¶ 5-9 and Ex. A.)  First, Plaintiffs provide a copy of a confidentiality agreement (presumably signed during mediation), on which "Travelers Insurance Co." is written by hand under what appear to be the signatures of both Whitener and Plocharczyk.  (*Id.*, at Ex. A.)  It is unclear, however, whether "Travelers Insurance Co." was even written by either Whitener or Plocharczyk; no one has authenticated the handwriting and, from the face of the document, it appears equally (or perhaps more) likely that this company name was written in by the mediator. Second, Plaintiffs provide an excerpt of Whitener's deposition testimony, in which he identified his employer as "Travelers Insurance," which he then testified has main offices in both Connecticut and Minnesota.  (*Id.*)  Plaintiffs also point to a paragraph of an undated document entitled "The History of Travelers," which mentions "The Travelers Insurance Company"[7] as

_____

[7] This document appears to have been created by The Travelers Indemnity Company (*see* https://www.travelers.com/about-us/flash/history.html (last visited Oct. 27, 2014) (showing same document, bearing the copyright of "The Travelers Indemnity Company")), which, according to TCI's SEC filing, is another subsidiary of TCI (*see* TCI Form 10K, at 1).

well as job listings on the "LinkedIn" website for Travelers Insurance Company Limited.[8]
(Feerst Reply Decl., at ¶¶ 3 and Ex. A).

Plaintiffs have not, however, produced any documentary evidence whatsoever that shows
the current existence of a corporate entity named "Travelers Insurance Company," much less that
such an entity was either incorporated in New York or, at the time the suit was filed, had a
principal place of business in New York.[9]

**DISCUSSION**

I.    **APPLICABLE LEGAL STANDARDS**

    A.    **Remand Under 28 U.S.C. § 1447(c)**

        1.    **Removal Based on Diversity Jurisdiction**

Any civil action brought in a state court may be removed to federal court where the
federal district court has original jurisdiction over the subject matter of the action.  28 U.S.C.
§ 1441(a).  District courts have subject matter jurisdiction over "all civil actions where the matter
in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different
States."  28 U.S.C. § 1332(a)(1).  In cases that do not involve a question of federal law, a district
court lacks subject matter jurisdiction if the parties are not completely diverse.  *See Wisconsin
Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) ("Where original jurisdiction rests upon
Congress' statutory grant of 'diversity jurisdiction,' this Court has held that one claim against
one nondiverse defendant destroys that original jurisdiction.").

---

[8] It appears that Travelers Insurance Company Limited is a TCI subsidiary, incorporated
in the United Kingdom.  (*See* TCI Form 10K, at 2.)

[9] The Court takes judicial notice of the fact that no such insurance company is currently
registered to do business in New York, based on available, online public records.  *See* New York
State Department of Financial Services, Insurance Company Search, *available at*
https://myportal.dfs.ny.gov/web/guest-applications/ins.-company-search (last visited Oct. 27,
2014).

For the purposes of determining whether diversity exists between the parties, a

corporation's citizenship consists of both its place of incorporation and its principal place of

business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is defined as its

"nerve center," which usually refers to the corporation's headquarters, provided that is the place

from which high ranking executives "direct, control, and coordinate the corporation's activities."

*Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

### 2.      Standards Governing Remand

If a federal district court does not have subject matter jurisdiction over a removed action,

the action must be remanded. *See United Food & Commercial Workers Union, Local 919, AFL-

CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("Where

jurisdiction is lacking, . . . dismissal is mandatory."); *Flores v. Citizens Intern. Bank*,

No. 92cv1692, 1992 WL 309546 (KMW), at *1 (S.D.N.Y. Oct. 15, 1992) ("The requirement of

subject matter jurisdiction is a threshold requirement; if it is lacking, a court may not adjudicate a

case. Thus, 28 U.S.C. § 1447(c) states that '[i]f at any time before final judgment it appears that

the court lacks subject matter jurisdiction, the case shall be remanded.'").

When a party challenges the removal of an action to federal court, "the burden falls

squarely upon the removing party to establish its right to a federal forum by 'competent proof.'"

*R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (quoting *McNutt v. Gen. Motors

Acceptance Corp.*, 298 U.S. 178, 189 (1936)), *abrogated on other grounds by Hertz Corp. v.

Friend*, 5559 U.S. 77 (2010); *Kings Choice Neckwear, Inc. v. DHL Airways, Inc.*, No. 02cv9580

(GEL), 2003 WL 22283814, at *2 (S.D.N.Y. Oct. 2, 2003) (citations omitted). Where a court

has any doubt regarding whether a case was removable, it must resolve that doubt against

removability, "[o]ut of respect for the independence of state courts, and in order to control the

9

federal docket." *Kings Choice Neckwear*, 2003 WL 22283814, at *2 (citing *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991)).

## B.   Sanctions Under Rule 11

Pursuant to Rule 11(b) of the Federal Rules of Civil Procedure," an attorney who presents "a pleading, written motion, or other paper" to a court thereby certifies that, to the best of his knowledge, information, and belief, formed "after an inquiry reasonable under the circumstances," the filing, *inter alia*, "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that "the factual contentions [included therein] have evidentiary support." Fed. R. Civ. P. 11(b).  In determining whether sanctions should be imposed for a violation of this Rule, the district court applies a standard of "objective unreasonableness." *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir. 2000) (internal quotation marks and citation omitted).  Once a court determines that Rule 11(b) has been violated, it may, in its discretion, impose sanctions "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(b)(4).[10]

## II.   PLAINTIFFS' MOTION TO REMAND

### A.   Whether "Travelers Insurance Company" Was Properly Named as the Defendant in This Action

The first issue presented by Plaintiffs' remand motion is whether "Travelers Insurance Company," named as defendant in this case, even exists as a suable entity.  On this issue, AICHC has submitted evidence, in the form of an affidavit of a person with knowledge, that no entity named "Travelers Insurance Company" now exists within the TCI corporate family.

---

[10] Rule 11 also sets out procedural requirements that must be followed by a party seeking sanctions under the Rule. *See* Fed. R. Civ. P. 11(c)(2).

(Mulcahy Aff., at ¶ 9.)  In contrast, Plaintiffs have produced *no* evidence capable of establishing

that there currently *does* exist a distinct legal entity named "Travelers Insurance Company."

Certainly, Plaintiffs have not come forward with any corporate documents, or any presumptively

reliable government records or filings, referring or relating to the present existence of such an

entity.

At most, the record suggests that, while a company named "The Travelers Insurance

Company" did, at one time exist, that company was acquired by MetLife, Inc., and was renamed

MetLife ICC, before the Policy was ever written.  No evidence whatsoever has been presented to

suggest that MetLife ICC wrote the Policy, and thus this Court concludes, on the record

presented, that Plaintiffs have improperly named "Travelers Insurance Company" as the

defendant in this action.

### B.   Whether AICHC Is the Intended Proper Defendant, and Thus Permissibly Removed the Action to Federal Court

"[W]here a plaintiff has named a non juridical entity, the intended proper defendant may

remove the case where it is on notice that the wrong defendant was named."  *La Russo v. St.*

*George's Univ. Sch. of Med.*, 936 F. Supp. 2d 288, 295 (S.D.N.Y. 2013) (collecting cases).  The

second question for this Court is thus whether AICHC (a Connecticut citizen that, if named as

the defendant, would have had a right to removal) was the "intended proper defendant" on

Plaintiffs' claims, or whether, as Plaintiffs seem to imply in their moving papers, the intended

defendant was actually TCI – which, as a corporation with a principal place of business in New

York, would have had no basis to seek removal.

Most importantly, here, the Complaint demonstrates that Plaintiff intended to sue the

issuer of the Policy, based on allegations that the issuer failed to compensate Plaintiffs for

property damage (*see* Compl., at ¶¶ 3-6), and, as AICHC argues, the Policy itself directly and

11

explicitly identifies AICHC as the insurer (*see* Policy, at 2; *see also* Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion to Remand and Motion for Rule 11 Sanctions, dated June 5, 2014 (Dkt. 39) ("Def. Mem."), at 2-3.) Further, the carrier representatives' signatures on the Policy are preceded by the language: "This policy is signed for the company which is the insurer under this policy" (Policy, at 55), which, given its plain meaning, indicates that, even though the signatories may have been TCI executives, they would have signed the Policy on behalf of AICHC. The Court also notes that, in the coverage declination letter sent to Plaintiffs regarding the claim at issue in this case, Plaintiffs were advised of the statute of limitations that would apply to "a lawsuit against [AICHC] with regard to the coverage denial" (Mulcahy Decl., Ex. D (Letter to Plaintiffs from Daniel Colombi, dated Dec. 27, 2013)), effectively notifying Plaintiffs that AICHC was the company responsible for any coverage afforded by the Policy. Finally, despite the various references to "Travelers" in the letter informing Plaintiffs of the denial of their insurance claim (*see id.*), and in certain other correspondence referenced by Plaintiffs (*see* Feerst Decl., at ¶ 27), as well as in the Policy itself, AICHC has presented an affidavit from an authorized TCI representative, attesting that "Travelers" is merely a "design mark" that AICHC uses as "a member of TCI's corporate family." (Mulcahy Aff., at ¶ 11.)

Based on all of this, AICHC has made a persuasive showing that it is the entity that issued the Policy and denied Plaintiffs' claim, and, as such, that it is the intended proper defendant herein.

Plaintiffs, however, contend that, in this action, "Travelers" is using AICHC as a "sham front" to avoid having this case heard in state court. (*See* Feerst Decl., at ¶ 31). Although Plaintiffs do not explicitly cast their argument in these terms, it appears from this language in their moving papers (where, as already noted, they seem to equate "Travelers" with TCI), that

12

they may be attempting to maintain that AICHC should be found to be an "alter ego" of TCI.  In

fact, after noting that AICHC is a wholly owned subsidiary of TCI, Plaintiffs argue that, under

"the most elementary principles of agency," "Travelers *is* [AICHC]."  (Feerst Decl.,

at 7 and ¶¶ 25-26 (emphasis added).)  Plaintiffs, however, cite no law whatsoever to support their

apparent contention that TCI's New York citizenship should be imputed to AICHC – its great-

great-grandchild – and Plaintiffs' seeming "alter ego" argument ignores well-settled precedent

regarding the relationship between parent corporations and their separately incorporated

subsidiaries.

"As a general rule, 'a separately incorporated entity is . . . considered to have its own

principal place of business.'"  *Frisone v. Pepsico, Inc.*, 369 F. Supp. 2d 464, 472 (S.D.N.Y.

2005) (alteration in original) (quoting *Powers v. Fox Television Stations, Inc.*, 907 F. Supp. 719,

722 (S.D.N.Y. 1999)).  This general rule applies even when the parent corporation "exerts a high

degree of control" over its subsidiary.  *Id.*, 369 F. Supp. 2d at 472 (internal quotation marks and

citation omitted).  The "presumption of separateness" between a corporation and its

independently incorporated subsidiary "is entitled to great weight."  *Hungarian Broad. Corp. v.

Coleman & Co. Sec., Inc.*, No. 96cv0048 (PKL), 1996 WL 374173, at *1 (S.D.N.Y. July 2,

1996).

A plaintiff seeking remand may rebut the presumption of separateness by demonstrating

that a subsidiary is, in fact, a "mere 'alter ego' of its parents," *Powers*, 907 F. Supp. at 722,

although, in the remand context, "the ultimate burden of establishing the Court's jurisdiction

remains with [the] [d]efendant," *id*.  In determining whether a company is an "alter ego," a court

considers a number of factors, including:

> (1) the absence of the formalities and paraphernalia that are part
> and parcel of the corporate existence, *i.e.,* issuance of stock,

election of directors, keeping of corporate records and the like;
(2) inadequate capitalization; (3) whether funds are put in and
taken out of the corporation for personal rather than corporate
purposes; (4) overlap in ownership, officers, directors, and
personnel; (5) common office space, address and telephone
numbers of corporate entities; (6) the amount of business
discretion displayed by the allegedly dominated corporation;
(7) whether the related corporations deal with the dominated
corporation at arms length; (8) whether the corporations are treated
as independent profit centers; (9) the payment or guarantee of
debts of the dominated corporation by other corporations in the
group; and (10) whether the corporation in question had property
that was used by other of the corporations as if it were its own.

*Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 139 (2d Cir. 1991).

Not only have Plaintiffs failed to articulate an argument based on the relevant law and factors, but the factual support they do muster for their seeming allegation that TCI is the real party to the Policy is insufficient to demonstrate that AICHC, in issuing the Policy, was acting as TCI's alter ego.  Plaintiffs highlight that the Policy bears the signatures of TCI executives; that, at points throughout the Policy, the insurer refers to itself as "Travelers"; that, since the inception of the Policy in 2010, carrier representatives "have expressly identified themselves as employees of Travelers"; and that "all correspondence [regarding the Policy] has been to and from Travelers" on "Travelers" stationery and letterhead.  (Feerst Decl., at ¶¶ 27-30.)  Even if sufficiently established, these facts do not actually address, much less rebut, the strong presumption of corporate separateness. *See Powers*, 907 F. Supp. 719, 924 (presumption of separateness not overcome, even where plaintiff demonstrated that the parent corporation had corporate directors in common with subsidiary, guaranteed some of the subsidiary's debt, and did not always deal with the subsidiary at arm's length); *see also O'Donnell v. Club Mediterranee S.A.*, No. 05cv610 (ARR), 2008 WL 794975, at *10-11 (E.D.N.Y. 2008)

14

(presumption of separateness not overcome where parent and subsidiary companies used the same logo, shared office space, and had at least one manager in common).

As Plaintiffs have not submitted sufficient evidence to rebut the presumption of corporate separateness in this case, and as AICHC has shown, by competent proof, that it is the intended proper defendant to this action and is a Connecticut citizen, I recommend that the Court find that AICHC's removal of this action on the basis of diversity jurisdiction was proper, and accordingly deny Plaintiffs' motion for remand.

## III.   **PLAINTIFFS' MOTION FOR SANCTIONS**

Plaintiffs' motion for sanctions is based on its contention that AICHC's "representations to this Court regarding [the basis for removal] are wholly unfounded in fact or law and serve to delay this matter and harass Plaintiffs by unnecessarily increasing the costs of litigation." (Declaration of Barry R. Feerst, Esq. in Support of Plaintiff's Motion for Rule 11 Sanctions, dated May 8, 2014 (Dkt. 38), at ¶ 2.) Plaintiffs argue that "Defendant" (by which Plaintiffs presumably mean TCI) "simply cannot controvert that it is the appropriate defender herein, as the policy underwriter is in fact 100% owned by the defendant." (*Id.* at ¶¶ 3-4.) In addition, Plaintiffs contend that, when their insurer and its representatives referred to themselves as "Travelers" or "Travelers Insurance Company," they made "verbal and written admissions . . . [of] a material fact which defendant has had knowledge of and acknowledged while maintaining its erroneous position in this motion." (*Id.* at ¶ 4.) Through this conduct, according to Plaintiffs, "defendant has masked its identity." (*Id.* at ¶ 13.)

For all of the reasons discussed above, this Court disagrees. Certainly, Plaintiffs have not adequately demonstrated that AICHC has made any misrepresentations to the Court. Nor, despite certain individuals' loose usage of the name "Travelers," have Plaintiffs shown that any

15

corporate representative of any company in the TCI family has "admitted" that an entity named "Travelers Insurance Company" (or TCI, for that matter) issued the Policy and thus is the proper defendant here. Although the relationship between AICHC and various other Travelers entities, and their use of the "Travelers" letterhead and logo, may well be confusing, this Court has no basis to find that AICHC, TCI, or their attorneys have engaged in any sanctionable conduct. Such a finding would be particularly unwarranted here, in light of the fact AICHC has not attempted to evade the Plaintiffs' lawsuit, but instead has answered Plaintiffs' faulty Complaint and has admitted to issuing the Policy.

As the facts asserted in AICHC's Amended Notice of Removal and its opposition to Plaintiffs' remand motion have evidentiary support, and as AICHC's legal contentions are warranted by existing law, *see* Fed. R. Civ. P. 11(b), I recommend that Plaintiffs' motion for Rule 11 sanctions be denied.

## CONCLUSION

For the foregoing reasons, I recommend that Plaintiffs' motion to remand this action to the Supreme Court of the State of New York, Bronx County (Dkt. 35), and Plaintiffs' motion for sanctions (Dkt. 37), both be denied in their entirety.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable J. Lewis A. Kaplan, United States Courthouse, 500 Pearl Street, Room 2240, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 1660, New York, New York, 10007. Any requests for an extension of time for filing

objections must be directed to Judge Kaplan. FAILURE TO FILE OBJECTIONS WITHIN

FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL

PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-*

*CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d

298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v.*

*Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
        October 28, 2014

Respectfully submitted,

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Hon. Lewis A. Kaplan, U.S.D.J.

All counsel (via ECF)